**Lucia Del Carmen SANCHEZ-AYALA; et al., Petitioners,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 16-71612**

United States Court of Appeals, Ninth Circuit.

Submitted February 13, 2018 *

Filed February 22, 2018

Rosana Cheung, Attorney, Law Office of Rosana Kit Wai Cheung, Los Angeles, CA, for Petitioners

Chief Counsel ICE, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, Anthony John Messuri, Esquire, Trial Attorney, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

MEMORANDUM **

Lucia Del Carmen Sanchez-Ayala and her daughter, natives and citizens of El Salvador, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006). We deny the petition for review.

Substantial evidence supports the agency's conclusion that Sanchez-Ayala failed to establish she was or would be persecuted on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). Thus, in the absence of a nexus to a protected ground, petitioners' asylum and withholding of removal claims fail. *See id.*

Substantial evidence also supports the agency's denial of CAT relief because Sanchez-Ayala failed to show it is more likely than not that she would be tortured by the government of El Salvador, or with its consent or acquiescence. *See Garcia-Milian v. Holder*, 755 F.3d 1026, 1034-35 (9th Cir. 2014).

**PETITION FOR REVIEW DENIED.**

**Nicanor SOTO-SOTO, Petitioner,**

v.

**Jefferson B. SESSIONS III, Attorney General, Respondent.**

**No. 16-72636**

United States Court of Appeals, Ninth Circuit.

---

Submitted February 13, 2018 *

Filed February 22, 2018

Vikram .Badrinath, Esquire, Attorney, Vikram Badrinath, PC, Tucson, AZ, for Petitioner

Laura M.L. Maroldy, Trial Attorney, Lindsay Corliss, DOJ—U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE,. Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent

Before: LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

## MEMORANDUM **.

Nicanor Soto-Soto, a native and citizen of Mexico, petitions for review of the Board. of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for cancellation of removal. Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo constitutional claims and questions of law. *Mohammed v. Gonzales*, 400 F.3d 785, 791-92 (9th Cir. 2005). We deny in part and dismiss in part the petition for review.

Contrary to Soto-Soto's contention, the agency applied the correct legal standard and did not fail to sufficiently explain its reasoning. *See* 8 U.S.C. § 1229b(b)(1)(D); *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010).

We reject Soto-Soto's unsupported contention that the IJ was not neutral.

We lack jurisdiction to review the agency's discretionary determination that Soto-Soto failed to show exceptional and extremely unusual hardship to his qualifying relatives. *See Martinez-Rosas v. Gonzales*, 424 F.3d 926, 930 (9th Cir. 2005); *see also Mendez-Castro v. Mukasey*, 552 F.3d 975, 980-81 (9th Cir. 2009) (the court lacks jurisdiction to review application of the exceptional and extremely unusual hardship standard to the facts of a case, "be they disputed or otherwise"). Soto-Soto's contentions that the agency failed to consider his contentions and relevant evidence of hardship are not supported by the record, and do not amount to colorable claims that would invoke our jurisdiction. *See Vilchiz-Soto v. Holder*, 688 F.3d 642, 644 (9th Cir. 2012) (absent a colorable legal or constitutional claim, the court lacks jurisdiction to review the agency's discretionary determination regarding hardship); *Martinez-Rosas*, 424 F.3d at 930 ("To be colorable in this context, . . . the claim must have some possible validity." (citation and internal quotation marks omitted) ).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.